[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 97.]

TOLEDO BAR ASSOCIATION *v.* ZERNER.

[Cite as *Toledo Bar Assn. v. Zerner*, 1998-Ohio-513.]

*Attorneys at law—Misconduct—Two-year suspension—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct adversely reflecting on fitness to practice law—Charging or collecting a clearly excessive fee—Handling a legal matter one is not competent to handle—Handling a legal matter without adequate preparation—Commingling client funds and attorney funds— Withdrawing funds of client without client's consent—Failing to maintain a complete record of all funds and properties of client coming into attorney's possession and failing to render an appropriate accounting to client of client's funds.*

(No. 98-381—Submitted June 24, 1998—Decided November 25, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-15.

———————————

{¶ 1} On February 5, 1996, relator, Toledo Bar Association, filed a complaint charging that respondent, Richard E. Zerner of Toledo, Ohio, Attorney Registration No. 0005274, violated several Disciplinary Rules while representing Annette L. Fain ("Fain") as executor of the will of her deceased husband, Beryl N. Fain. Respondent filed his answer, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based upon testimony and stipulations received at the hearing, the panel found that in January 1991, Fain engaged respondent to represent her as executor of her husband's will. Respondent's inventory filed in February 1991

included an individual retirement account ("IRA"). Upon being informed that the IRA was not a probate asset, and relying on the opinion of a bank officer that a partnership interest was a trust asset, respondent filed a motion in June 1991 to delete all assets from the inventory because they were not subject to probate. In conjunction with this motion, respondent filed an application to release the estate from administration because it had no assets, and prepared and obtained a court entry granting the application. A year later, in July 1992, respondent filed a report of distribution of assets in the amount of $81,500, and an application to reappoint the executor indicating that the estate had $21,500 in probate assets. Respondent never completed the administration of the estate and never filed a final account.

{¶ 3} The panel found that no pleading filed by respondent in the descendant's estate was legally or factually correct. It also found that respondent did not obtain any court authorization before paying himself attorney fees from the estate, although the order appointing him required such authority. Respondent's fees ultimately exceeded by $17,705 the fees to which he was entitled by virtue of the order appointing him.

{¶ 4} The panel also found that respondent represented Fain in the purchase of a bowling alley, in estate planning, and in matters relating to a trust respondent had set up for the Fains. In his billings to Fain, respondent not only misrepresented the work he had done, but he also requested and often received from Fain a single check which combined payments of his legal fees with payments of Fain's real estate taxes and other expenses. Respondent's endorsements on the checks were accompanied by notations through which he intended to indicate the amounts being distributed for taxes and the amounts he allocated to his fees, but these notations were unclear. Respondent commingled the funds in an escrow account and made withdrawals from the account for his fees and for purposes other than taxes. Ultimately, some of Fain's taxes were not paid by respondent.

{¶ 5} The panel concluded that with respect to his representation of Fain as executor, respondent violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (engaging in conduct that adversely reflects on the fitness to practice law), 2-106(A) and (B) (charging or collecting a clearly excessive fee), 6-101(A)(1) (handling a legal matter which he knew or should have known he was not competent to handle), and 6-101(A)(2) (handling a legal matter without adequate preparation). With respect to his representation of Fain in other matters the panel found that respondent violated DR 1-102(A)(4) and (6), and 9-102 (A)(1) (commingling client funds and attorney funds), 9-102(A)(2) (withdrawing funds of a client without the client's consent), and 9-102(B)(3) (failing to maintain a complete record of all funds and properties of a client coming into his possession and failing to render an appropriate accounting to his client of the client's funds).

{¶ 6} In mitigation the panel noted that respondent had taken 52.25 hours of continuing legal education in the report period preceding his hearing, that he had enlisted the aid of his uncle, an experienced attorney, as his mentor, and that he had paid approximately $28,000 to the grievant, representing excess attorney fees taken and tax payments not made by him. The panel recommended that respondent be suspended from the practice of law for two years. The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*Julia Smith Wiley* and *William H. Gosline,* for relator.

*Reginald S. Jackson*, *Jr*., for respondent.

———————————

***Per Curiam.***

**{¶ 7}** We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law in Ohio for two years. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, LAZARUS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

CYNTHIA C. LAZARUS, J., of the Tenth Appellate District, sitting for RESNICK, J.

_____