**[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 226.]**

TOLEDO BAR ASSOCIATION *v.* ZERNER.

**[Cite as *Toledo Bar Assn. v. Zerner*, 1999-Ohio-26.]**

*Attorneys at law—Misconduct—Permanent Disbarment—Continued overbilling of clients during the period of an ongoing investigation of similar practices.*

(No. 99-807—Submitted July 28, 1999—Decided November 10, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-109.

_____

{¶ 1} On December 8, 1997, relator, Toledo Bar Association, filed a six-count complaint charging respondent, Richard E. Zerner of Toledo, Ohio, Attorney Registration No. 0005274, with several disciplinary violations from July 1996 through May 1997. Respondent filed his answer, and a hearing was held before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on the evidence received at the hearing and the stipulations of the parties, the panel found with respect to Counts One and Four of the complaint that in July 1996 Lois and Charles Bendixen engaged respondent to represent Christopher Hedge, a juvenile and their ward, who had been charged with delinquency in the commission of burglary and other related crimes. Respondent and the Bendixens orally agreed to a fee of $100 per hour and what respondent characterized as a non-refundable $500 "pure retainer" to ensure respondent's availability when needed. The Bendixens also employed respondent to defend against any claims that might be brought against them as a result of Hedge's alleged criminal activity.

**{¶ 3}** After several court appearances Hedge entered pleas in December 1996 to burglary, receiving stolen property, and attempting to receive stolen property. An investigation of other charges against Hedge was terminated without prosecution.

**{¶ 4}** The Bendixens paid respondent $29,745 for 129.25 hours of work, resulting in an effective rate of $230 per hour. No evidence suggests that respondent refused other legal work or went to extraordinary lengths in order to be available for Hedge.

**{¶ 5}** While representing Hedge, respondent also represented Nathan Shulack, who was involved in the same delinquency matter. Respondent charged the parents of Shulack $7,500 for 52.75 hours of work on Nathan's behalf, resulting in an effective rate of $131 per hour.

**{¶ 6}** The panel concluded that by charging far in excess of the agreed $100 per hour and by obtaining a non-refundable retainer when he was not required to forgo other employment, respondent had charged the Bendixens a clearly excessive fee for his representation of Hedge and so violated DR 2-106 (a lawyer shall not charge a clearly excessive fee).

**{¶ 7}** In considering Count Three of the complaint, the panel found that the Bendixens paid respondent $750 to represent them in connection with the sale of their real estate located in Lucas County. The $750 was to be used for title work. Respondent assisted the Bendixens at the real estate closing, but the title work was separately paid from the proceeds of the sale. Respondent then told the Bendixens that he would apply the $750 to any work he did to defend them against restitution claims as a result of Hedge's conduct. However, respondent's payment for the restitution defense was part of the $29,745 paid by the Bendixens in connection with the Hedge matter.

**{¶ 8}** The panel concluded that respondent violated DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(6) (conduct that adversely reflects upon an attorney's fitness to practice law).

**{¶ 9}** The panel found with respect to Count Five of the complaint that in December 1996, Glenn and Katherine McDonald retained respondent and paid him $3,500 for assistance in processing their Medicaid applications and other matters. Respondent prepared a Living Will, a Durable Power of Attorney for Health Care, and a Power of Attorney for both Mr. and Mrs. McDonald. However, respondent failed to prepare the Medicaid application in a timely manner and, as a result, an employee of the nursing home where the McDonalds resided prepared the application for them. Respondent advised the McDonalds that he would refund $1,000 of his fee but retain possession of the refund for a period of time so that they would not exceed the Ohio Department of Human Services resource allocation limit. After the McDonalds were approved for Medicaid, respondent issued the $1,000 check to them. The panel concluded that respondent's conduct in attempting to mislead the Department of Human Services violated DR 1-102(A)(4) and 1-102(A)(6).

**{¶ 10}** The panel reached no conclusions with respect to Count Two and found no clear and convincing evidence supporting the allegation of Count Six that respondent charged an excessive fee to the McDonalds.

**{¶ 11}** The panel noted that before these infractions occurred, relator had filed a complaint with respect to similar activities, which resulted in a two-year suspension from the practice of law. *Toledo Bar Assn. v. Zerner* (1998), 84 Ohio St.3d 97, 702 N.E.2d 68.

**{¶ 12}** Given his previous sanction for similar conduct and respondent's lack of remorse, the panel found little, if any, evidence of mitigating circumstances and recommended that respondent be indefinitely suspended from the practice of law with the mandatory two years of the indefinite suspension to run concurrently

with respondent's current 1998 suspension. It further recommended that as one condition of readmission, respondent provide written assurance that he will provide each new client with a written letter of engagement, bill clients monthly, engage a third-party accounting service to maintain his financial records, and implement a computerized billing program.

{¶ 13} The board adopted the findings and conclusions of the panel but recommended that respondent be disbarred from the practice of law.

———————

*Julia S. Wiley* and *Christopher F. Parker*, for relator.

*Reginald S. Jackson, Jr.*, for respondent.

———————

***Per Curiam.***

{¶ 14} We adopt the findings and conclusions of the board and, in view of respondent's continued overbilling during the period of an ongoing investigation of similar practices, we also adopt the recommendation of the board.

{¶ 15} Respondent is hereby disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., FARMER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, F.E. SWEENEY and PFEIFER, JJ., dissent and would indefinitely suspend respondent.

SHEILA G. FARMER, J., of the Fifth Appellate District, sitting for RESNICK, J.

———————